**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

In re:

CHARISSE ANN STRAWBERRY,                   CASE NO.: 10-40400-LMK
                                                                        CHAPTER: 7

    Debtor.
_____/

MARY W. COLON, CHAPTER 7 TRUSTEE

    Plaintiff,

  v.                                                              ADV. PRO. NO.: 11-04003-LMK

DARRYL STRAWBERRY,
INTERNAL REVENUE SERVICE, &
STERLING METS, L. P.

    Defendants.
_____/

STERLING METS, L. P.,

    Counter-Plaintiff,

  v.

MARY W. COLON,

    Counter-Defendant.
_____/

STERLING METS, L. P.,

    Cross-Plaintiff,

  v.

DARRYL STRAWBERRY, &
INTERNAL REVENUE SERVICE,

    Cross-Defendants.
_____/

1

STERLING METS, L. P.,

   Third-Party Plaintiff,

   v.

CHARISSE ANN STRAWBERRY, &
THE STATE OF MISSOURI,

   Third-Party Defendants.
_____/

### ORDER ON INTERNAL REVENUE SERVICE'S
### MOTION TO DISMISS THE INTERPLEADER

THIS MATTER came before the Court on Defendant Internal Revenue Service's Motion to Dismiss the interpleader brought by the Sterling Mets, L.P. (the "Mets"). The Mets have named the Internal Revenue Service as a party in the interpleader, asserting that its sovereign immunity is waived pursuant to 28 U.S.C. § 2410(a)(5). After the hearing on December 13, 2011, additional briefs were requested from the parties on questions pertaining to sovereign immunity and subject matter jurisdiction. Having considered the arguments of the parties and the record in this case, I conclude that the Court has jurisdiction over the interpleader and the Internal Revenue Service's Motion to Dismiss is denied.

### BACKGROUND

This matter arises from an adversary proceeding initiated by the Chapter 7 Trustee ("Trustee") in the bankruptcy case of Charisse Ann Strawberry. The Trustee's amended complaint named Darryl Strawberry, the Mets, and the Internal Revenue Service (the "IRS") as defendants. The Trustee brought the complaint asserting Charisse Strawberry is entitled to a portion of the monthly deferred compensation payments Darryl Strawberry receives from the Mets pursuant to a Uniform Player's Contract ("UPC"). The UPC was entered into by and between the Mets and

2

Darryl Strawberry on March 12, 1985.  Under the UPC, Darryl Strawberry receives $8,891.82 as monthly deferred compensation payments for a total of thirty years.  The Trustee asserts Charisse Strawberry is entitled to $800,000 from the deferred compensation funds pursuant to a Stipulated Qualified Domestic Relations Order ("QDRO") that was entered on November 3, 2006 in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.  However, the IRS had already issued a Notice of Levy to the Mets on the deferred compensation funds back in 2000.  The IRS holds a lien against the compensation funds in the amount of $542,572.64 for Darryl Strawberry's federal income tax liabilities.  Faced with the competing claims on the deferred compensation funds from the Trustee, the IRS and Darryl Strawberry, the Mets filed this crossclaim for interpleader.  The Mets seek for the Court to determine the priority of the various claims to ensure their proper distribution and to discharge the Mets from any further liability to the parties with respect to deferred compensation funds.

The Court was prepared to dismiss this interpleader based on an agreement by the Trustee and the Mets on the merits, conceding the IRS holds a superior levy on the disputed compensation funds.  Nevertheless, the IRS pursued the Motion to Dismiss based on jurisdiction, arguing this Court lacks subject matter jurisdiction to enter such an order because the IRS has not waived its sovereign immunity.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 7022 governs interpleader actions in adversary proceedings.  The Rule provides, in part, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Bankr. P. 7022(a)(1). The Mets have initiated the interpleader in order to ensure that the disputed deferred compensation funds are given to those that are properly entitled to it and to ensure that they are protected from further liability. The federal interpleader statute provides for this relief.

3

28 U.S.C. § 2361 (allowing a district court to enter an order restraining all claimants in an interpleader action from "instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court…Such district court shall hear and determine the case, and may discharge the plaintiff from further liability…"). Although the federal interpleader statute and the federal rules of bankruptcy procedure allow a party to interplead, a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed. 2d 210 (1998). The gravamen of the IRS' Motion is that the United States has not waived sovereign immunity for this type of action, and therefore, this Court lacks subject matter jurisdiction.

It is well settled that one cannot sue the United States unless Congress has expressly provided its statutory consent. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). Unless it waives its sovereign immunity, the United States may not be required to interplead. *Kentucky ex rel United Pac. Ins. Co. v. Laurel County*, 805 F.2d 628, 636 (6th Cir. 1986) (quoting 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1721, at 654 (2d ed. 1986)); *AmSouth Bank v. Miss. Chem. Corp.*, 465 F.Supp.2d 1206, 1209 (D. N.M. 2006) (noting "the general statute permitting interpleader, 28 U.S.C. § 1335, is not itself a waiver of sovereign immunity"). Title 28 U.S.C. § 2410(a)(5) provides for a waiver of sovereign immunity in an interpleader action to property or funds on which the United States has a mortgage or other lien. The IRS argues that Section 2410(a)(5) does not apply to this action for three reasons: 1) the IRS contends Section 2410 only allows interpleader actions against the United States in state court or in federal district court, not bankruptcy court; 2) the plaintiff in an interpleader action must face a legitimate threat of multiple liability, which the IRS asserts does not exist in this action because 26 U.S.C. § 6332(e) shields a recipient of an internal revenue levy from lia-

bility if the recipient complies; and 3) this action is time-barred under 28 U.S.C. 2401(a) which requires any complaint against the United States to be filed within six years after the right of action first accrues.

The Mets' counterclaim for interpleader was prudent under the circumstances and this Court has jurisdiction over the matter as it is "related to" the bankruptcy proceeding. The Trustee named the Mets as defendants in the initial complaint. The Mets contend they have no interest in the disputed funds, and because they are presented with competing claims, an action for interpleader is appropriate. The jurisdiction of this Court is determined and limited by statute. Title 28 U.S.C. § 1334(b) provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts can refer to bankruptcy judges "any or all proceedings arising under title 11 or arising in or related to a case under title 11" as has been done in all bankruptcy courts. 28 U.S.C. § 157(a). Bankruptcy courts have jurisdiction in all maters "related to" bankruptcy. *Walker v. The Cadle Co. (In re Walker),* 51 F.3d 562, 569 (5th Cir. 1995). A matter is "related to" bankruptcy when the outcome of the matter could conceivably have any effect on the estate being administered in bankruptcy. *In re J.F. Naylor and Co., Inc.*, 67 B.R. 184, 189-90 (Bankr. M.D. La. 1986). If it were determined that the Trustee is entitled to any of the deferred compensation funds and has priority in the distribution of the funds, the money would become property of the estate for distribution to creditors. Thus, this interpleader action is clearly related to the bankruptcy case and this Court has jurisdiction.

The IRS' contention that the interpleader must be dismissed because the Mets do not risk exposure to multiple liability is also unavailing. The IRS asserts that 26 U.S.C. § 6332(e) forecloses the possibility of double or multiple liability for the Mets. Specifically, double or multiple liability is barred, in the IRS' view, because Section 6332(e) shields from liability to the delin-

quent taxpayer, any person in possession of property subject to a levy if said person surrenders such property. However, courts have repeatedly ruled Section 6332(e) is not relevant to the issue of whether an interpleader action may be brought. *Kurland v. United States*, 919 F.Supp. 419, 422 (M.D. Fla. 1996) addressed the issue head-on:

> Title 26 U.S.C. § 6332(e) may provide a shield against liability to those honoring federal tax liens; however, that is insufficient to override the purpose behind the interpleader rule and statute. *First Interstate Bank of Oregon v. United States*, 891 F. Supp. 543 (D.Or. 1995). Interpleader gives the disinterested party the ability to bow out, leaving the actual parties with real interests at stake to litigate their claims. *See id.*; *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F. 2d 91, 96 (2nd Cir. 1983).

In a recent unpublished decision, a district court ruled that the interpleader plaintiff was entitled to attorney's fees and costs despite claims that the interpleader action was unnecessary because the plaintiff could have been protected from liability by turning over the money to the government. *Pro-Steel Bldgs., Inc. v. United States*, No. 4:09CV512(RH), 2011 WL 4073716 (N.D. Fla. May 16, 2011). The court held that the test is whether an interpleader action was filed in good faith and that the protection afforded by 26 U.S.C. § 6332(e) is not absolute. *Id.* This echoes the court in *First Interstate Bank of Oregon*, which held:

> [T]he right to interpleader is not incumbent upon a stakeholder showing that it is in jeopardy of multiple liability, as well as multiple litigation. Instead, '[a] stakeholder acting in good faith, may maintain a suit in interpleader to avoid the vexation and expense of resisting adverse claims, even though he believes only one of them is meritorious.'

*First Interstate Bank of Oregon, N.A. v. United States*, 891 F. Supp. 543 (D. Or. 1995). If the protection under 26 U.S.C. § 6332(e) is not absolute and the right to interplead is a good faith inquiry, the IRS' reliance on Section 6332(e) to argue for dismissal of this interpleader is flawed. The Mets, as the stakeholder, filed this interpleader in good faith to ensure proper distribution of the disputed funds. Without the interpleader, the Mets not only face a threat of multiple liability to the Defendants but also the threat of having to litigate this matter in more than one proceeding. "It is a fundamental principle of interpleader that its office is not so much to protect a party

against double liability as against double vexation in respect of one liability." *Nat'l Fire Ins. Co. v. Sanders*, 38 F.2d 212, 214 (5th Cir. 1930).

The IRS' argument that this interpleader is time barred by 28 U.S.C. § 2401(a), which requires that actions against the United States be filed within six years after the cause of action first accrues, ignores the purpose of this litigation. The Mets are not disputing the validity of the internal revenue's levy; rather, they simply seek for this Court to determine the priority of the competing claims. The Mets were first served with the IRS levy in 2000. If the Mets were disputing the levy itself, under 28 U.S.C. § 2401(a), the time to bring the action would have already expired. However, the parties in this interpleader action agree that the IRS holds a first priority levy on the funds. *See* Stipulated Order, ECF No. 156 (The stipulated agreement between the Mets and the Trustee provides, "[t]he IRS' Levy is superior to any person's claim to the Disputed Funds"). Thus, because the Mets are not disputing the validity of the IRS' claims, the date the Mets were first served with the internal revenue levy is not relevant and the time limit imposed by 28 U.S.C. § 2401(a) does not apply.

Similarly, in its Motion to Dismiss, the IRS also argues the Anti-Injunction Act, 26 U.S.C. § 7421, defeats this interpleader as it prohibits suits that restrain the assessment or collection of any tax. The same reasoning that prevents 28 U.S.C. § 2410 from applying to this action also thwarts the application of the Anti-Injunction Act. The Mets are not seeking to restrain the assessment or collection of any tax and they are not attempting to litigate the underlying merits of the IRS' claim. As the court ruled in *First Interstate*, "this interpleader action is not a suit designed to obstruct the United States in its ability to assess or call taxes; nor will this action hinder the United States in its efforts to assess or collect taxes." *First Interstate*, 891 F. Supp. at 548. The court further ruled that to the extent the government holds a valid claim to the funds, the court's resolution of the claims "will facilitate the ability of the United States to collect any taxes

which might be owing." *Id.* In the instant case, this Court has already ordered the Mets to pay the IRS until Darryl Strawberry's federal income tax liabilities are satisfied in full. *See* Order, ECF No. 166. This interpleader action does not restrain the United States' ability to assess or collect taxes and therefore, the IRS' use of the Anti-Injunction Act is misplaced.

The last argument put forth by the IRS is that a person who receives an internal revenue levy may not delay tax collection by filing an interpleader. The IRS cites an Eleventh Circuit case that held that once a third party receives notice of a levy, it is obligated to surrender the property to the IRS. *United States v. Metro. Life Ins.*, 874 F.2d 1497, 1499 (11th Cir. 1989). The two defenses to this requirement are: 1) the third party can show it is not in possession of the taxpayer's property; or 2) the third party can show that at the time it received the notice of levy, the property was already subject to attachment or execution under judicial process. *Id.* The IRS asserts that the Mets, having already been served notice of the internal revenue levy, are required to surrender the deferred compensation funds to the IRS. The IRS contends that this interpleader is an attempt to avoid this requirement. The district court in *Kurland* disagreed with this line of reasoning:

> If Plaintiff legitimately and in good faith feared exposure to competing claims to the disputed funds…Plaintiff should not be subject to suit for failure to turn over the disputed funds to the government, opening himself up to litigation from the other claimants. This is exactly the type of multiple liability interpleader was designed to prevent.

*Kurland,* 919 F. Supp. at 422. The IRS relies on the Supreme Court decision, *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 721, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985), to argue that *Kurland* was wrongly decided. In the case, the Supreme Court described the need of the government to promptly secure its revenues. The assertion that *Kurland* was wrongly decided based on this Supreme Court case is unpersuasive. While this Court appreciates the principles justifying a tax levy, it also recognizes the policy behind the interpleader statute that allows a disinterested stakeholder to bow out and avoid "the vexation and expense of possible multiple

8

litigation." 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1704 (3d ed. 2011). Furthermore, as the Supreme Court has noted, interpleader is a remedial device that is to be applied liberally. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533, 87 S.Ct. 1199, 1204, 18 L.Ed.2d 270 (1967).

## CONCLUSION

After addressing all the arguments put forward by the IRS in its Motion to Dismiss, I find there is no reason this Court lacks jurisdiction and why 28 U.S.C. § 2410 does not waive the United States' sovereign immunity in this action.[1] Prior to 1966, courts questioned the ability to name the United States as a defendant in an interpleader under Section 2410. In 1966, all doubt on the point was resolved when the statute was amended to extend it to interpleader proceedings. "This legislative change represents a potentially significant limitation on the United States' ability to invoke sovereign immunity in the interpleader context." 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1721 (3d ed. 2011). Throughout the interpleader, the parties have made it clear that the IRS holds a first priority levy; there is no prejudice to the United States in allowing this interpleader to be dismissed on the merits. Furthermore, the Mets brought this interpleader in a good faith attempt to resolve the competing claims to the funds it held as a disinterested stakeholder and to enjoin the defendants from bringing any further action against the Mets with regard to these funds. This is exactly the function of federal interpleader and this Court has subject matter jurisdiction to resolve the matter. Accordingly, it is hereby

---

[1] Although some courts (*see Kentucky ex rel United Pac. Ins. Co. v. Laurel County,* 805 F.2d 628, 636 (6th Cir. 1986) ruled that 28 U.S.C. § 2410(a)(5) did not apply when an internal revenue levy was at issue because the statute only waives sovereign immunity if the United States holds a "mortgage or other *lien*," this Court agrees with the ruling in *Commerce Bancshares, Inc. v. Lenard*, 826 F. Supp. 396, 398 (D. Kan. 1993) (holding that "at the time that the government obtains the right to collect tax by levy it acquires a lien on any property owned by the delinquent tax payer."). Thus, the existence of a levy implies the existence of a lien.


ORDERED AND ADJUDGED that Defendant Internal Revenue Service's Motion to Dismiss the Amended Crossclaim for Interpleader of the Sterling Mets, L.P. (Doc. 148) is DENIED.

DONE and ORDERED in Tallahassee, Florida this the 25th day of January, 2012.

*[signature]*

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all parties in interest